UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

LAWRENCE A. MANCINI and
DEBORAH A. MANCINI,

                        **Plaintiffs,**

    -against-                                               08-CV-933

CSX TRANSPORTATION, INC.,
CAROL ANN ASHWOOD, and
RICHARD J. KETTERER

                        **Defendants.**
_____

THOMAS J. McAVOY,
Senior United States District Judge

## DECISION & ORDER

**I.    INTRODUCTION**

Defendant CSX Transportation, Inc. ("CSXT") moves for reconsideration of the Court's Decision and Order on the summary judgment motions. See Dkt. # 55. For the reasons that follow, the motion is denied.

**II.    STANDARD OF REVIEW**

A motion for reconsideration is not a substitute for an appeal. "The standard for granting [a motion for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked - matters, in other words, that might reasonably be expected to alter the

1

conclusion reached by the court." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995); see also Friedman v. S.U.N.Y. at Binghamton, 2006 WL 2882980, at * 1 (N.D.N.Y. Oct. 5, 2006).   "The high burden imposed on the moving party has been established in order to dissuade repetitive arguments on issues that have already been considered by the court and discourage litigants from making repetitive arguments on issues that have been thoroughly considered by the court [and] to ensure finality and prevent the practice of a losing party examining a decision and then plugging the gaps of the lost motion with additional matters." Nowacki v. Closson, 2001 WL 175239, *1 (N.D.N.Y. Jan. 24, 2001) (Munson, J.) (internal citations and quotations omitted).  Reconsideration "is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple.'"  Sequa Corp. v. GBJ Corp., 156 F.3d 136, 144 (2d Cir. 1998).  Reargument is also not a vehicle to "advance new facts, issues or arguments not previously presented to the court." Polanco v. United States, 2000 WL 1346726, at *1 (S.D.N.Y. Sept.19, 2000) (quoting Schrader, 70 F.2d at 256).  "The Northern District of New York 'recognizes only three possible grounds upon which a motion for reconsideration may be granted: (1) an intervening change in controlling law, (2) the availability of new evidence not previously available, or (3) the need to correct clear error of law to prevent manifest injustice.'"  Friedman, 2006 WL 2882980, at * 1 (quoting Nowacki, 2001 WL 175239, at *1).

### III.   DISCUSSION

CSXT argues that the Court erred because it **accepted CSXT's argument** and only considered the first 25 pages of Plaintiffs' 45-page memorandum of law submitted in

2

support of its summary judgment cross-motion and in opposition to CSXT's summary judgment motion. See CSXT's SJ Reply MOL [dkt. # 48], p. 11;[1] Dec. & Ord. [dkt. # 55], pp. 2-3.[2] CSXT asserts that by considering only the first 25 pages of Plaintiffs' memorandum of law, "the Court did not consider plaintiffs' arguments and proof with regard to the issue of whether the seat plaintiff was using in co-defendant Richard J. Ketterer's vehicle was unsafe." CSTX's MOL for Reconsideration [dkt. # 105 ] pp. 1-2. This, CSXT contends, "deprived CSXT of an opportunity to have the Court consider the issue of whether the seat could be considered unsafe as a matter of law." Id. p. 2. CSXT further contends that because the Court ultimately held that "[i]f Plaintiff is able to establish that the seating was unsafe, then he may be able to establish a FELA claim, " dkt. # 55, p. 13, the Court must necessarily have ignored CSXT's reply memorandum of law wherein it argued that "plaintiffs' offer of proof on [the seat's safety] was insufficient as a matter of

---

[1] CSXT argued in its Reply MOL:

Plaintiff's memorandum of law is forty five (45) pages in length, and thus exceeds by twenty pages (20) the page limit of twenty five (25) as prescribed by Local Rule 7.1(a)(1). **Plaintiff failed to obtain leave from this Court prior to the filing, as a result, those twenty excess pages should be stricken**. See Iota Xi Chapter of Sigma Chi Fraternity v. Patterson, 566 F.3d 138 (4th Cir. Va. 2009) (defendant's opposition memorandum of law exceeded local rule limit of 30 pages by 2 pages, and thus the last two pages were stricken).

[2] On this issue the Court held:

In reviewing the motions for summary judgment, the Court will strictly apply the dictates of the Northern District's Local Rules. See Walsh v. City of Kingston, 2010 WL 681315, at *2 (N.D.N.Y. Feb. 23, 2010)("The Local Rules of the Northern District provide a mechanism for the efficient resolution of summary judgment motions."). In doing so, the Court will not consider memoranda of law that are in excess of the Local Rule page limitation and will not search the record for evidence that is not specifically cited ("incorporation by reference" of a deposition transcript is not a specific citation). See N.D.N.Y. L.R. 7.1(a)(1)("No party shall file or serve a memorandum of law that exceeds twenty-five (25) pages in length, unless that party obtains leave of the judge hearing the motion prior to filing.")(emphasis in original); N.D.N.Y. L.R. 7.1(a)(3)("The Court shall not consider any papers required under this Rule that are . . . not in compliance with this Rule unless good cause is shown."); . . . .

law, to create a question of material of fact requiring a trial." CSTX's MOL for

Reconsideration, p. 2, see also, id. p. 3.[3]

CSXT's argument is premised upon an extremely myopic review of the Court's

Decision and Order and an apparent misunderstanding of the burdens on summary

judgment. In deciding CSXT's motion for summary judgment against Plaintiffs, the Court

wrote:

> *CSXT also contends that it is entitled to summary judgment dismissing Plaintiff's FELA claim because it provided Plaintiff with a safe place to work, and because any injury to Plaintiff was proximately caused by Ashwood's negligence which was unforeseeable by CSXT.*
>
> *The FELA provides that "[e]very common carrier by railroad . . . shall be liable in damages to any person suffering injury while he is employed by such carrier . . . for such injury or death resulting in whole or in part from the negligence of any of the officers, agents, or employees of such carrier." 45 U.S.C. § 51. The FELA was intended as a remedial statute for railroad workers injured while on the job.*
>
>> *In order to further FELA's humanitarian purposes, Congress "did away with several common-law tort defenses that had effectively barred recovery by injured workers." Consol. Rail Corp. v. Gottshall, 512 U.S. 532, 542 (1994). "Specifically, the statute abolished the fellow servant rule, rejected the doctrine of contributory negligence in favor of that of comparative negligence, and prohibited employers from exempting themselves from FELA through contract; a 1939 amendment abolished the assumption of risk defense." Id. at 542-43 (citing 45 U.S.C. §§ 51, 53-55).*
>
> *Campbell v. Consolidated Rail Corp., 2008 WL 3414029, at * 3 (N.D.N.Y. Aug. 8, 2008).*
>
> ***"A railroad may be liable under FELA for failure to provide a safe***

---

[3]("Plaintiffs' arguments and proof in support of their claim that the seat in question was unsafe began on page 26 of their Memorandum of Law. Thus, plaintiffs' arguments and proof concerning this issue was not considered by the Court. As a result the Court also did not consider CSXT's arguments against plaintiffs' claim that the seat was unsafe.").

4

> workplace 'when it knows or should know of a potential hazard in the workplace, yet fails to exercise reasonable care to inform and protect its employees.'" <u>Syverson v. Consolidated Rail Corp.</u>, 19 F.3d 824, 826 (2d Cir.1994)(quoting <u>Gallose v. Long Island R.R. Co.</u>, 878 F.2d 80, 84-85 (2d Cir.1989)). However, the Supreme Court has "insisted that FELA 'does not make the employer the insurer of the safety of his employees while they are on duty. The basis of his liability is his negligence, not the fact that injuries occur.'" <u>Gottshall,</u> 512 U.S. at 543 (quoting <u>Ellis v. Union Pacific R. Co.</u>, 329 U.S. 649, 653 (1947)). "Significantly, the essential element of reasonable foreseeability in FELA actions requires proof of actual or constructive notice to the employer of the defective condition that caused the injury." <u>Campbell,</u> 2008 WL 3414029, at * 4.
>
>> Under FELA, "the case must not be dismissed at the summary judgment phase unless there is absolutely no reasonable basis for a jury to find for the plaintiff." <u>Syverson v. Consol. Rail Corp.</u>, 19 F.3d 824, 828 (2d Cir.1994) (citing <u>Gallick v. Baltimore and O.R.R.</u>, 372 U.S. 108, 120-21 (1963)). However, while FELA plaintiffs are entitled to have reasonable inferences drawn in their favor from the facts, they may not survive a motion for summary judgment when the inferences they ask a court to draw are mere possibilities. <u>See Connors v. Consol. Rail Corp.</u>, No. 90-CV-464, 1993 WL 169646, at *8 (N.D.N.Y. May 19, 1993) (citing <u>Gibson v. American Broadcasting Cos. Inc.,</u> 892 F.2d 1128, 1132 (2d Cir.1989)).
>
> <u>Id.</u>
>
> **Viewing the facts in the light most favorable to Plaintiff**, there is a question of fact as to whether Ketterer, CSXT's agent, operated his vehicle in a negligent fashion on the night in question. As indicated above, Plaintiff asserts that Ketterer was negligent for, inter alia, failing to yell a warning before impact.
>
> Further, Plaintiff has presented evidence that, in May of 2007, a union representative sent a letter to CSXT's division manager relaying complaints received from CSXT employees regarding Ketterer's use of his private vehicle to transport train crews. The letter states that
>
>> I have been receiving complaints from crews in the Watertown, N.Y. terminal of CSX due to the local supervisor taking it upon himself to transport crews in his private vehicle. This rather than wait for the availability of the Quad A van service that is contracted to perform such duties.

> ***The problem is cited due to the type of vehicle owned by the trainmaster, R.J. Ketterer, being a pickup truck without adequate and proper seating for train crews.*** *Also the question of insurance levels maintained by the supervisor in the transportation of CSX personnel being adequate should an incident occur.*
>
> *The crews are being put in a compromising situation since refusal to accept the ride in lieu of proper transportation services could be viewed as insubordination by an unreasonable person.*
>
> *Murphy 5/3/07 Ltr to Braman.*
>
> *Although Plaintiff admitted that, prior to the accident, he never took exception to Ketterer's operation of his vehicle; that he never complained to CSXT regarding Ketterer transporting him; and that he had not taken any exception to riding in Ketterer's vehicle, the issue on this motion is whether CSXT knew, or should have known, of a potential hazard in the workplace yet failed to exercise reasonable care to inform and protect its employees.* ***From the contents of the union representative's letter, a reasonable fact finder could conclude that the employer was on notice of a potential hazard occasioned by the use of Ketterer's pickup truck to transport train crews because the pickup truck was without "adequate and proper seating."*** *From this, a fact finder could conclude that the employer failed to exercise reasonable care by not investigating the circumstances surrounding the "adequate and proper seating" of Ketterer's pickup truck, or mandating that crews wait for a Quad A van.*
>
> *While CSXT did offer Plaintiff a Quad A van ride on the night in issue,* ***the union representative's letter provides some evidence that the employer received notice that employees felt compelled to accept rides in Ketterer's vehicle even though the vehicle lacked "adequate and proper seating."*** *If Plaintiff is able to establish that the seating was unsafe, then he may be able to establish a FELA claim.   Accordingly, the motion in this regard is denied.*

Dec. & Ord., pp. 11-13 (emphases added).

Thus, contrary to CSXT's contention that the Court improperly decided the motion because the "decision was entirely silent on whether **plaintiffs** sufficiently met **their** burden of proof regarding whether the seat could be considered unsafe in the first place,"

6

CSXT's MOL, p. 4 (emphasis added), the decision was based upon the presented facts as viewed through the lens of the appropriate procedural burden. The cited portion of the Decision addressed CSXT's motion for summary judgment seeking to dismiss Plaintiffs' FELA claim. At trial it will be Plaintiff's burden to establish the seat was unsafe, but on summary judgment the burden was upon CSXT to establish the absence of a genuine question of material fact on this claim– a burden that CSXT failed to meet.

CSXT's motion for reconsideration lacks substantive merit. Moreover, the argument is nothing more than an attempt to take the proverbial second bite at the apple and reargue a losing issue. On this last basis alone, the motion for reconsideration must be denied.

## IV. CONCLUSION

For the reasons set forth above, Defendant CSXT's motion for reconsideration [Dkt. # 105] is **DENIED.**

**IT IS SO ORDERED**

DATED: December 23, 2010

_Thomas J. McAvoy_
Thomas J. McAvoy
Senior, U.S. District Judge